SIGNED.   

GREEVES, PRICE & ROETHLER, PLC
BY: Douglas B. Price, SBA # 7720
2151 E. Broadway Road, Suite 116
Tempe, Arizona 85282
PHONE (480) 345-8100
FAX (480) 345-8134
email: contact@gprlaw.net

Attorney for Debtors

Dated: October 19, 2010

_____
SARAH S. CURLEY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM LAWRENCE PECK and BARBARA CARRELL CHURCH-PECK,  Debtors. | Case No. 2:09-25854 SSC  Adv No. 2:10-00843 |
| WILLIAM LAWRENCE PECK and BARBARA CARRELL CHURCH-PECK,  Plaintiff, vs.  GOLDMAN SACHS MORTGAGE COMPANY whose address is LITTON LOAN SERVICING LP,  Defendant. | STIPULATED JUDGMENT AVOIDING SECOND MORTGAGE LIEN  (Residence at 7545 E. Hannibal Dr., Mesa, AZ) |

The court having reviewed the Stipulation of the parties and good cause appearing, IT IS THEREFORE ORDERED:

I.   FINDINGS OF FACT:

On May 12, 2010, Debtor filed, an Adversary Proceeding, a **COMPLAINT TO AVOID 2ND MORTGAGE WHICH IS WHOLLY UNSECURED BY EQUITY IN DEBTORS' RESIDENCE.** The purpose of the Adversary Proceeding is to "scrape-off" the lien of GOLDMAN SACHS MORTGAGE

COMPANY whose address is LITTON LOAN SERVICING LP, holder of the second lien, against the property commonly known as **7545 E. Hannibal Cr., Mesa, AZ** which second lien was recorded in **Maricopa County** on or about **September 28, 2005**, as document number **2005-1430752.**

II. STIPULATED AGREEMENT:

The parties have filed a Stipulation for Judgment to Avoid 2nd Mortgage which is Wholly Unsecured by Equity in Debtors' Residence, which provides, according to its terms:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. section 157 and 28 U.S.C. Section 1334.

2. This matter is a "core" proceeding under Section 157(A), matters concerning administration of the estate, 157(B), allowance or disallowance of claims, **157(K), determination of the validity, extent, or priority of liens,** and 157(O) other proceedings affecting the . . . adjustment of the debtor-creditor or the equity security holder relationship.

3. The parties hereto agree to personal jurisdiction over the parties and their successors-in-interest or assigns.

4. That venue in the District of Arizona is proper.

### FACTUAL BASIS OF CLAIM

2

5. Defendant, filed a proof of claim, POC #13, in this case on February 23, 2010. Defendant claimed secured status in its proof of claim, with a recorded Deed of Trust, and Note attached as Exhibits to its Proof of Claim.

6. A Proof of Claim was filed on 12-21-09 by HSBC Mortgage Services, Inc. alleging a secured **First Deed of Trust** in the amount of $221,070.57. **This claim is separate and independent from the 2nd Deed of Trust and represents a senior lienholder. See POC #5.**

7. The value of the principal residence of the Debtor is **$163,000.00 (as of the date of Petition).**

8. The amount owed to the holder of the 1st Deed of Trust exceeds the value of the residence on the date of Petition. As a result, there is not even $1.00 of equity for the 2nd Deed of Trust.

9. Defendant claims a 2ND position lien on property of the debtor described as: Debtor's residence at 7545 E. Hannibal Cr., Mesa, AZ, 85207, being legally described as;

> Lot 132, STONERIDGE EAST UNIT 2, according to Book 364 of Maps, page 41, and Affidavit of Correction Recorded in Document no. 930765105, RECORDS OF MARICOPA COUNTY, ARIZONA.

Parcel Number 218-02-341 4

10. The alleged second Deed of Trust, dated September 22, 2005 is recorded in Maricopa County, Arizona in the office of the County Recorder at number 2005-1430752 on **September 28, 2005**. The parties agree that upon completion of the Chapter 13 Plan and entry of discharge said Deed of Trust shall be null and void and have no further force and effect.

11. Said Second Deed of Trust held by Defendant is wholly unsupported by equity and must be treated as a general unsecured claim which will be subject to discharge in bankruptcy upon completion of the Debtor's Plan. See In re Zimmer, 313 F.3d 1220 (9th Cir. App., 2002); In re Lane, 280 F.3d 663 (6th Cir. App., 2002) and In re Edwards, 245 B.R. 917 (Bkrtcy Ct. S.D. Ga., 2000).

12. Upon completion of the Chapter 13 Plan and entry of discharge any lien claimed to be held by the Second Deed of Trust is declared null and void and of no effect.

13. That upon issuance of a notice of completed plan by the Trustee, the second lienholder is ordered to execute and record a release of the Deed of Trust.

14. This Stipulation and entry of the Judgement shall constitute completion of the Adversary Proceeding. The Court may close the adversary proceeding upon the entry of the judgment.

The adversary proceeding may be reopened at a future date to enforce any of the provisions contained herein.

**ELECTRONICALLY DATED AND SIGNED BY THE COURT AS STATED ABOVE ON PAGE 1, TOP RIGHT CORNER**


ORDER APPROVED AS TO FORM AND CONTENT:

TIFFANY & BOSCO, P.A.


BY: Leonard J. McDonald, Jr.
Attorney for Defendant, GOLDMAN SACHS MORTGAGE COMPANY whose address is LITTON LOAN SERVICING LP


GREEVES, PRICE & ROETHLER, P.L.C,


BY: Douglas B. Price
Attorney for Debtors


Z:\GPR\BK\Scrapeoff\Stipulations\Stipulatedjudgment.T&B.wpd